UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN FOURNIER III,**
**ALLEN KOSKELLA** and
**DEREK WYRICK**,

               Plaintiffs,

                              Case No.

v.

                              Hon.

**DOWNRIVER UTILITY CONSTRUCTION INC,**
**ALICIA CLOSE**, and
**JASON CLOSE,**

               Defendants.

**GOLD STAR LAW, P.C.**
**David A. Hardesty (P38609)**
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200
*dhardesty@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*

## COMPLAINT

Plaintiffs, John Fournier III, Allen Koskella and Derek Wyrick, through their attorneys, Gold Star Law, P.C., for their Complaint state as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, John Fournier III ("Fournier"), is an individual residing in Pontiac, Oakland County, Michigan.

2. Plaintiff, Allen Koskella ("Koskella"), is an individual residing in Goodrich, Genesee County, Michigan.

3. Plaintiff, Derek Wyrick ("Wyrick"), is an individual residing in Highland Township, Oakland County, Michigan.

4. Defendant, Downriver Utility Construction Inc ("Downriver"), is a Michigan profit corporation with its place of business in Carleton, Monroe County, Michigan.

5. Defendant, Alicia Close, is an individual conducting business in Carleton, Monroe County, Michigan.

6. Defendant, Jason Close, is an individual conducting business in Carleton, Monroe County, Michigan.

7. This action arises under the Fair Labor Standards Act of 1938 ("FSLA") 29 U.S.C. 201, et seq., and the Michigan Workforce Opportunity Wage Act of 2014 ("WOWA") and jurisdiction of this Court in invoked pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367(b).

8. Defendants reside within this judicial district and the claims asserted in this action arose within this district. Venue is proper in this Court pursuant to 28 USC § 1391.

## FACTUAL ALLEGATIONS

9. Defendant, Downriver, is a telecommunication provider engaged in the business of installing cable and phone lines.

10. Defendant, Alicia Close, is the resident agent, treasurer, secretary and director of Downriver and is responsible for managing its day-to-day operations and settings its compensation policies.

11. Defendant, Jason Close, is the president of Downriver and is responsible for managing its day-to-day operations and settings its compensation policies.

12. Defendants employed Plaintiff Fournier as a foreman from on or about January 5, 2018 until on or about July 20, 2018.

13. Defendants employed Plaintiff Koskella as a foreman from on or about January 5, 2018 until on or about April 19, 2018.

14. Defendants employed Plaintiff Wyrick as a lineman from approximately April 2018 until on or about July 18, 2018.

15. Defendants primarily provided cable and phone line installation services, requiring Plaintiffs to travel to different locations throughout Michigan, Illinois and New York. Defendants also provided onsite services at their facility in Brighton, Michigan.

16. Plaintiffs used Defendants' service trucks to travel to client locations.

17. Plaintiffs had to pick the service trucks up from the Defendants' facility at the beginning of each shift, and had to drop the service trucks off at the facility at the end of their shift.

18. Defendants compensated Plaintiffs at varying piece rates based on the amount of cable and phone line that was installed measured by the foot.

19. Plaintiff Fournier worked an average of 60 hours per week throughout his employment with Defendants.

20. Plaintiff Koskella worked an average of 60 hours per week throughout his employment with Defendants.

21. Plaintiff Wyrick worked an average of 60 hours per week throughout his employment with Defendants.

22. Defendants were required to compensate Plaintiffs at 1 ½ times Plaintiffs' hourly pay for all hours worked in excess of 40 hours per week.

23. Defendants did not compensate Plaintiffs 1 ½ times Plaintiffs' regular rate of pay for hours worked in excess of 40 hours per week. Instead, Defendants compensated Plaintiffs at their regular rate of pay for all hours worked.

24. Plaintiffs were not exempt from the overtime pay requirements of the FLSA or WOWA.

25. All hours worked by Plaintiffs, including overtime hours, were worked at the direction and with the sufferance of Defendants.

26. Defendants' failure to pay overtime in violation of the FLSA and WOWA was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

## COUNT 1 -
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

27. Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully stated herein.

28. Plaintiffs are "employees" within the coverage of the FLSA. 29 USC § 203(e).

29. Defendants are "employers" within the coverage of the FLSA. 29 USC § 203 (d).

30. Plaintiffs are "employees" engaged in "commerce" as defined by the FLSA. 29 USC § 203(b).

31. Defendants are an "enterprise engaged in commerce" as defined by the FLSA and have revenues in excess of $500,000.00 per year. 29 USC § 203(s).

32. Pursuant to the FLSA, Defendants were required to compensate Plaintiffs at 1 ½ times Plaintiffs' regular rate of pay for hours worked in excess of 40 hours in a week. 29 USC § 207 (a).

33. Defendants did not compensate Plaintiffs at 1 ½ times Plaintiffs' regular rate of pay for hours worked in excess of 40 hours in a week.

34. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 USC § 216(b).

## COUNT II -
## VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT

35. Plaintiffs incorporate the allegations in the foregoing paragraphs of this Complaint as if fully stated herein.

36. Plaintiffs are "employees" within the coverage of WOWA.

37. Defendants are "employers" within the coverage of WOWA.

38. Pursuant to the WOWA, Defendants are required to pay Plaintiffs at a rate of 1 ½ times their regular rate of pay for all hours worked in excess of 40 hours per week.

39. Defendants failed to pay Plaintiffs at least 1 ½ times their regular rate of pay for all hours worked in excess of 40 hours per week, in violation of Section 4a of the WOWA.

40. Pursuant to Section 9 of the WOWA, an employer who violates the WOWA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees.

**WHEREFORE**, Plaintiffs requests that this Court grant judgment in Plaintiffs' favor and against Defendants, jointly and severally, in an amount to be determined at trial, together with Plaintiffs' costs and reasonable attorney fees incurred herein, interest at the statutory rate, and such other relief as the Court deems just and equitable.

    Respectfully submitted,

    **GOLD STAR LAW, P.C.**

    */s/ Caitlin E. Malhiot*
    **David A. Hardesty (P38609)**
    **Caitlin E. Malhiot (P76606)**
    Attorneys for Plaintiff
    2701 Troy Center Dr., Ste. 400
    Troy, MI 48084

Dated: June 26, 2019    (248) 275-5200